```
USDC DNJ
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

**I**N THE **U**NITED **S**TATES **D**ISTRICT **C**OURT
FOR THE **D**ISTRICT OF **N**EW **J**ERSEY

| |
|---|
| **I**N RE: **V**IDEO **C**ONFERENCING AND **T**ELECONFERENCING FOR **C**RIMINAL **P**ROCEEDINGS UNDER THE CARE **A**CT |

**Standing Order 2020-06**

WHEREAS, on March 13, 2020, a national emergency was declared under the National Emergency Act, 50 U.S.C. § 1601, *et. seq.*, in light of the COVID-19 pandemic;

WHEREAS, on March 27, 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act ("CARE Act"), authorizing the use of video and telephone conferencing, under certain circumstances and with the consent of the defendant, for various criminal case events during the course of the COVID-19 emergency, *see* The CARES Act, H.R. 748, pursuant to certain findings by the Judicial Conference of the United States;

WHEREAS, on March 29, 2020, the Judicial Conference found that emergency conditions, consistent with the national emergency declared with respect to COVID–19, will materially affect the functioning of the Federal courts; and

WHEREAS, I, as Chief Judge, pursuant to Section 15002(b)(1) of the CARE Act, having found that criminal proceedings cannot be conducted in person without seriously jeopardizing public health and safety, it is on my authority as Chief Judge, hereby,

ORDERED that in lieu of personal appearance, and with the consent of the defendant after consultation with counsel, it is appropriate to use video conferencing, or telephone conferencing if video conferencing is not reasonably available, for all events listed in Section 15002(b) of the legislation, including:

1. Detention hearings under Section 3142 of Title 18, United States Code;

2. Initial appearances under Rule 5 of the Federal Rules of Criminal Procedure;

3. Preliminary hearings under Rule 5.1 of the Federal Rules of Criminal Procedure;

4. Waivers of indictment under Rule 7(b) of the Federal Rules of Criminal Procedure;

5. Arraignments under Rule 10 of the Federal Rules of Criminal Procedure;

6. Probation and supervised release revocation proceedings under Rule 32.1 of the Federal Rules of Criminal Procedure;

7. Pretrial release revocation proceedings under Section 3148 of Title 18 of United States Code;

8. Appearances under Rule 40 of the Federal Rules of Criminal Procedure;

9. Misdemeanor pleas and sentencings as described in Rule 43(b)(2) of the Federal Rules of Criminal Procedure; and

10. Proceedings under Chapter 403 of Title 18, United States Code (the "Federal Juvenile Delinquency Act"), except for contested transfer hearings and juvenile delinquency adjudication or trial proceedings;

WHEREAS, pursuant to Section 15002(b)(2) of the CARE Act, I having further found that a felony plea under Rule 11 of the Federal Rules of Criminal Procedure and a felony sentencing under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person in this district without seriously jeopardizing public health and safety, it is hereby

ORDERED that if a judge in an individual case finds, for specific reasons, that any felony plea or felony sentencing, or any equivalent plea and sentencing, as well as proceedings under the Federal Juvenile Delinquency Act, cannot be further delayed without serious harm to the interests of justice, then, with the consent of the defendant, or the juvenile, after consultation with counsel, the plea, sentencing, or any equivalent proceeding, may be conducted by video conference, or by telephone conference if video conferencing is not reasonably available; and

      ORDERED that pursuant to Section 15002(b)(3) of the CARE Act, this Standing Order is in effect for up to 90 days from the date of its entry. If, 90 days from the date of this Order, the emergency declaration remains in effect, along with the Judicial Conference's finding that the emergency conditions will materially affect the functioning of the federal courts, the Chief Judge shall review the authorization described in this Standing Order and determine whether it shall be extended. Such reviews will occur not less frequently than once every 90 days, until the last day of the covered emergency period, or until the Chief Judge determines that the authorization is no longer warranted.

      DATED: March 30, 2020

/s/ Freda L. Wolfson

Hon. Freda L. Wolfson,
U.S. Chief District Judge
District of New Jersey